IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MARK RYLAND DOWDY,** ) | Civil Action No. 7:11-cv-00549 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| **UNIVERSITY OF VIRGINIA, et al.,** ) | By: Hon. Michael F. Urbanski | |
| Defendants. ) | United States District Judge | |

Mark Ryland Dowdy, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. §§ 1983 and 1985 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants the University of Virginia ("UVA"); John T. Casteen, III and Teresa A. Sullivan, UVA employees; and the twelve jurors from plaintiff's state criminal trial. Plaintiff alleges that jurors had prejudicial ties to a corporation involved in plaintiff's criminal trial. This matter is before the court for screening pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice as frivolous.

I.

Plaintiff was charged with using an imitation weapon of terrorism, in violation of Virginia Code § 18.2-46.6, and had a jury trial in the Circuit Court for Albemarle County. Plaintiff used the imitation weapon to protest Klockner Pentaplast, a corporation in Gordonsville, Virginia, that produces plastic packaging materials. The twelve jurors, who are all defendants to this action, found him guilty as charged. Plaintiff's direct appeal of his conviction is still pending in state court.

Plaintiff alleges that Klockner Pentaplast has been a major financial contributor to UVA, donating millions of dollars over the past twenty-six years, and directly improves the Albemarle County economy by approximately $165,000 a year. Plaintiff alleges that five of the twelve

jurors were employed by UVA, three jurors had financial or management ties to the Albemarle County government, and three jurors personally knew the prosecution's witnesses. Plaintiff further alleges without support that UVA, Casteen, and Sullivan conspired to pressure jurors who were UVA employees to convict plaintiff because Klockner Pentaplast made significant donations to UVA. Plaintiff concludes that Klockner Pentaplast's ties to UVA and Albemarle County led to jury tampering and misconduct, which resulted in his criminal conviction. Plaintiff requests as relief at least $36.5 billion.

## II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

UVA is not a "person" for purposes of 42 U.S.C. § 1983. See Va. Code § 23-69; Bowers v. Rector & Visitors of the Univ. of Va., 2007 U.S. Dist. LEXIS 18623, at *11-18 (W.D. Va. Mar. 16, 2007). Furthermore, plaintiff cannot find a UVA policy that requires staff to conspire

and coerce employees who sit on criminal juries to find in favor of UVA donors. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). Even if it did, UVA would be immune from plaintiff's requested $36.5 billion via the Eleventh Amendment. See, e.g., Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995). Furthermore, it is well settled that jurors are immune from damages claimed in a 42 U.S.C. § 1983 suit related to their verdict. Imbler v. Pachtman, 424 U.S. 409, 417 (1976).

Moreover, "civil tort actions are simply not appropriate vehicles for challenging the validity of outstanding criminal judgments." Harvey v. Horan, 278 F.3d 370, 374-75 (4th Cir. 2002) (internal quotation marks omitted). Permitting civil actions to be used "for that purpose would undercut the long-standing concern not to undermine the finality of criminal convictions through civil suits." Id. at 375. Therefore, the court must consider whether a judgment in favor of plaintiff in this suit would necessarily imply the invalidity of his conviction or sentence; if it would, the court must dismiss the complaint unless the plaintiff can demonstrate that the conviction or sentence has already been favorably invalidated. Heck v. Humphrey, 512 U.S. 477, 487 (1994). Favorable invalidation occurs when "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." Id.

Success on plaintiff's claims clearly would imply the invalidity of his current confinement because he essentially argues actual innocence of the acts for which he was allegedly unlawfully convicted. If it were not for Casteen and Sullivan's alleged prejudicial acts to pressure jurors and deprive him of his constitutional rights, plaintiff claims he would not have

been convicted of using the imitation weapon. Plaintiff cannot prove favorable termination because he is still convicted and serving a sentence for those convictions from which he seeks monetary relief.[1] To the extent plaintiff wants a speedier release from incarceration or to vacate the original conviction, plaintiff must pursue a remedy via a writ of habeas corpus, not a civil rights action. See Edwards v. Balisok, 520 U.S. 641, 645-47 (1997) (stating that § 1983 damages claim arguing that due process rights violations resulted in loss of good-time credits should be brought as habeas corpus petition); Heck v. Humphrey, 512 U.S. 477, 486-88 (1994) (stating that a § 1983 claim that would necessarily demonstrate the invalidity of confinement or its duration should be brought as a habeas claim); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (stating that writ of habeas corpus is sole federal remedy when inmate challenges fact or duration of imprisonment and relief sought is finding that the inmate is entitled to a speedier release). Because plaintiff has not shown favorable termination of his criminal convictions, he may not pursue a claim under § 1983 against Casteen and Sullivan.

Therefore, plaintiff pursues meritless legal theories via § 1983 for damages against UVA and the jurors and for trying to invalidate his conviction without showing favorable termination. Accordingly, the court dismisses the complaint without prejudice as frivolous. See Omar v. Chasanow, 318 F. App'x 188, 189 (4th Cir. 2009) (per curiam) (modifying district court's dismissal with prejudice under Heck to be dismissed without prejudice to allow plaintiff to refile if favorable termination occurs). See also McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)).

---

[1] Plaintiff does not allege that habeas remedies are not available to him. Instead, he acknowledges that he has not yet exhausted his direct appeals in Virginia.

III.

For the foregoing reasons, the court dismisses the complaint without prejudice as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: December 6, 2011

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge